**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| CRAIG ADAMS, | : :  : | |
| Petitioner, | : : | Civil Action No. 19-18765 (MAS) |
| v. | : : | **MEMORANDUM AND ORDER** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : : : : | |
| Respondent. | : : | |

Petitioner Craig Adams, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, is proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his denial of parole. (Pet., ECF No. 1.) Presently before the Court is Respondent's Motion to Seal Exhibit B filed in support of their answer to the petition. (Mot., ECF No. 8.) Respondent states that Exhibit B contains confidential documents, including: Petitioner's pre-sentence investigation report; a pre-parole medical report; a mental health evaluation of Petitioner; a document titled "Confidential Remarks to Panel"; a document titled "Confidential Reports Considered"; and a document titled "Confidential Addendum." (Exhibit B, ECF No. 9.) Petitioner has not filed opposition to the Motion.

Generally, "[t]here is a strong presumption of public access to judicial records and documents." *In re Zimmermann*, 739 F. App'x 101, 103 (3d Cir. 2018). That presumption, however, "is not absolute" and may be rebutted. *In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted). The party moving to seal the records bears the burden of demonstrating why restriction is necessary. *Id.* (citing *Miller v. Indiana Hosp.*, 16

F.3d 549, 551 (3d Cir. 1994)).  Pursuant to Local Civil Rule 5.3(c)(3) the moving party must describe:

>   (a) the nature of the materials or proceedings at issue;
>
>   (b) the legitimate private or public interest which warrant the relief sought;
>
>   (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
>   (d) why a less restrictive alternative to the relief sought is not available;
>
>   (e) any prior order sealing the same materials in the pending action; and
>
>   (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3).

Respondent seeks to seal several documents, each of which contain information with a recognized privacy interest.  First, Respondent requests to seal Petitioner's pre-sentence investigation report. (Josephson Decl. ¶ 6, ECF No. 8-1.)  Pursuant to the New Jersey Appellate Division's holding in *State v. DeGeorge*, pre-sentence reports "should not be a matter of public record."  274 A.2d 593, 595 (N.J. Super. Ct. App. Div. 1971).  Federal courts have also recognized this privacy interest in pre-sentence investigation reports. *See United States v. Preate*, 927 F. Supp. 163, 165 (M.D. Pa. 1996) (setting forth reasons for confidentiality of pre-sentence reports); *see also United States v. Cianscewski*, 894 F.2d 74, 79 n.17 (3d Cir. 1990) ("The presentence report has always been considered a confidential document.")  Second, Respondent seeks to seal Petitioner's mental health evaluation, as well as the "Confidential Reports Considered" and "Confidential Addendum" documents in Exhibit B which reference the evaluation. (Josephson Decl. ¶ 7.)  The privacy interest in mental health records is demonstrated in New Jersey

Administrative Code § 10A:22-2.7(d), which prohibits the disclosure of certain mental health records, including mental health evaluations generated by a professional, to the inmate absent a court order. *See Hubbard v. D'Ilio*, Civ. No. 14-7258, 2018 WL 2958605, at *7 (D.N.J. June 13, 2018) (recognizing compelling interest in maintaining confidentiality of petitioner's mental health records). Finally, Respondent also requests to maintain under seal Petitioner's medical records, as well as a document titled "Confidential Remarks to Panel" which contains information about Petitioner's medical history. (*Id.* at ¶ 5, 8.) An individual's right to privacy in his medical records is well established, and the Third Circuit has recognized that, "[t]here can be no question that . . . medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection." *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001) (quoting *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980)). Given each of these considerations, Respondent has adequately demonstrated a legitimate privacy interest which warrants the sealing of the enumerated records.

As to the injury that would result if the relief sought is not granted, Respondent argues that if these documents were revealed via public disclosure on the Court's docket that Petitioner's privacy rights would be irreparably violated. (Josephson Decl. ¶¶ 6–8.) Respondent submits that these documents are necessary to support their answer to the habeas petition, but that no less restrictive alternative other than maintaining them under seal is available. (*Id.* at ¶¶ 3, 9.) This Court agrees. The documents are necessary to aid the Court in its consideration of Petitioner's habeas petition and each document contains sensitive and confidential information which, if disclosed, would harm Petitioner's privacy interests in his criminal and medical history. Additionally, there is no prior order sealing these same materials and there is no known party

objecting to the sealing of the documents.  Accordingly, the balance of interests weighs in favor of sealing Respondent's Exhibit B.  Therefore, Respondent's Motion to Seal is granted.

IT IS therefore on this ___6TH___ day of ___August___, 2020

**ORDERED** that Respondent's Motion to Seal (ECF No. 8) is **GRANTED**;

**ORDERED** that the Clerk of the Court shall maintain under seal the confidential documents contained in Respondent's Exhibit B (ECF No. 9); and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular mail.

/s/ M. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**