<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CRAIG ADAMS**,

        Petitioner,

        v.

**BRUCE DAVIS**,

        Respondent.

Civil Action No. 19-18765 (ZNQ)

**OPINION**

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court upon the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Habeas Pet., ECF No. 1) by *pro se* Petitioner Craig Adams ("Petitioner"), a prisoner confined at Bayside State Prison in Leesburg, New Jersey. Petitioner is challenging the statute the New Jersey State Parole Board ("Parole Board" or "Board") relied upon to deny his parole and set a 180–month future eligibility term ("FET"). (*Id.* at 7–9.) Respondent filed a response opposing habeas relief (Resp't's Resp., ECF No. 7), and Petitioner subsequently filed a reply. (Pet'r's Reply, ECF No. 10.) For the reasons discussed below, the Court will deny the petition and will not issue a certificate of appealability.

## I.    <u>BACKGROUND</u>

On July 18, 1984, Petitioner was arrested in Newark, New Jersey, after giving a statement to police implicating himself in the robbery and death of C.H.[1] (Parole Bd. Direct Appeal Letter Br., ECF No. 7-2, at 30–31.) An autopsy revealed that the cause of death was "fractured skull, cervical spine and ribs, subdural hemorrhage and contusions of the brain." (*Id.*, at 31.) Petitioner

---

[1] Initials are used to protect the victim's privacy.

was charged with murder, felony murder, robbery, burglary, unlawful possession of a weapon and conspiracy to commit robbery. (*Id.*) On March 25, 1985, a jury found Petitioner guilty of all counts. (*Id.*) He was sentenced on April 26, 1985, to serve an aggregate life imprisonment with a mandatory-minimum term of 30 years. (1985 J. of Conviction, ECF No. 7-2, at 69.)

Petitioner received an initial parole hearing after serving approximately 29 years and 3 months of his sentence. (Parole Bd. Direct Appeal Letter Br., at 32.) The matter was referred to a two–member panel. (*Id.*) On October 9, 2014, Petitioner was denied parole, and his case was referred to a three–member panel for the establishment of an FET outside of the administrative guidelines. (*Id.*)

On February 25, 2015, a three–member Board panel considered Petitioner's case and established a 180–month FET. (*Id.*, at 33.) The three–member panel based its decision on the same factors relied upon by the two–member panel in denying Petitioner's parole. (*Id.*) The three–member panel also considered the same mitigating factors considered by the two–member panel, as well as a letter of mitigation submitted by Petitioner. (*Id.*) On October 22, 2015, the full Board issued a final agency decision in response to Petitioner's administrative appeal of the panel decisions. (Final Agency Decision, ECF No. 10-2.) The Board denied parole and established a 180–month[2] FET. (*Id.*, at 2–3.)

Petitioner appealed the Parole Board's final agency decision to the New Jersey Superior Court, Appellate Division. (*Pro Se* Direct Appeal Br., ECF No. 7-2, at 4–25.) Petitioner argued that the statute the Parole Board used to deny his parole violates his rights under the Equal

---

[2] The Board's notice of Final Agency Decision erroneously indicated that the three–member panel established a 120–month FET rather than a 180–month FET. (Resp't's Resp., at 9.) On July 20, 2017, Respondent filed a motion to remand the appeal so that the full Board could amend its Notice of Final Agency Decision to reflect the 180–month FET that was established by the three–member Board panel. (*Id.* at 10.) On August 22, 2017, the motion was granted. (*Id.*) On September 20, 2017, the Board issued an amended decision reflecting the correct FET of 180 months. (*Id.*)

Protection Clause of the U.S. Constitution.  (*Id.*, at 9–10.)  The Appellate Division rejected this argument and affirmed the Parole Board's decision on April 6, 2018.  *Adams v. New Jersey State Parole Bd.*, No. A-2508-15T2, 2018 WL 1660076, at * 2 (N.J. Super. Ct. App. Div. Apr. 6, 2018).  On November 8, 2018, the Supreme Court of New Jersey summarily denied certification.  *Adams v. New Jersey State Parole Bd.*, 197 A.3d 660 (N.J. 2018) (unpublished table decision).  On October 7, 2019, Petitioner filed the instant *pro se* habeas petition.  (*See* Habeas Pet.)

## II.  <u>LEGAL STANDARD</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which amended 28 U.S.C. § 2254, a district court "shall entertain an application for writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  Habeas petitioners bear the burden of establishing their entitlement to relief for each claim presented in a petition based upon the record that was before the state court.  *See Harrington v. Richter*, 562 U.S. 86, 103 (2011); *Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013).

Moreover, district courts are required to give great deference to the determinations of the state trial and appellate courts.  *Renico v. Lett*, 559 U.S. 766, 772–73 (2010).  Specifically, district courts must defer to the "'last reasoned' decision of the state courts on the petitioner's claims."  *Simmons v. Beard*, 590 F.3d 223, 231–32 (3d Cir. 2009).  Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Contrary to clearly established Federal law" means the state court applied a rule that contradicted the governing law set forth in United States Supreme Court precedent or that the state court confronted a set of facts that were materially indistinguishable from United States Supreme Court precedent and arrived at a different result than the Supreme Court. *Eley*, 712 F.3d at 846 (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). "Clearly established federal law for purposes of [Section 2254(d)(1)] includes only the holdings, as opposed to the dicta of the United States Supreme Court's decisions." *See Woods v. Donald*, 575 U.S. 312, 316 (2015). An "unreasonable application" of clearly established federal law is an "objectively unreasonable" application of law, not merely an erroneous application. *Eley*, 712 F.3d at 846 (quoting *Renico*, 559 U.S. at 773).

"When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods*, 575 U.S. at 316. Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Furthermore, "[w]hen a state court arrives at a factual finding based on credibility determinations, the habeas court must determine whether that credibility determination was unreasonable." *See Keith v. Pennsylvania*, 484 F. Appx 694, 697 (3d Cir. 2012) (citing *Rice v. Collins*, 546 U.S. 333, 339 (2006)).

III.    **DISCUSSION**

In Petitioner's first and only ground for relief,[3] he argues that he was denied equal protection of the laws because he was sentenced for murder and other offenses in 1985 pursuant to the Parole Act of 1979 (the "Parole Act" or "Act")[4] and is treated differently from individuals sentenced for the same offenses under the No Early Release Act ("NERA") despite being similarly situated.    (Habeas Pet., at 8–9; Pet'r's Reply 10–14.)    Petitioner asserts a violation of his constitutional rights based on the two separate statutory schemes that directly impact parole determinations based on sentencing date.    (Pet'r's Reply, at 10.)

As an initial matter, Petitioner raises his equal protection claim both under the Fourteenth Amendment and Article 1, Paragraph 1 of the New Jersey State Constitution.    (Habeas Pet., at 6–7.)    A federal court may consider arguments alleging that a state prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."    *Swarthout v. Cooke,* 562 U.S. 216, 219 (2011) (citing *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010)); *see also* 28 U.S.C. § 2254(a).    The Supreme Court has interpreted the habeas statute to bar federal courts from granting relief based on violations of state law.    *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).    As such, the Third Circuit has held that a federal court sitting in habeas jurisdiction does not have "the authority to review a violation of the state constitution."    *Reinert v. Larkins*, 379 F.3d 76, 94 n. 4 (3d Cir. 2004). Since Petitioner's equal protection claim pursuant to Article 1, Paragraph 1 of the New Jersey State Constitution does not allege a "violation of the Constitution or laws or treaties of the United

---

[3] In his reply brief, Petitioner, in responding to an argument regarding liberty interests raised by Respondent, does briefly address the Due Process clause.    (*See* Pet'r's Reply, at 12.)    The Court does not construe this argument to be an attempt to raise a second ground for relief or a separate Due Process claim as this argument is largely a response to a portion of the answer, and Petitioner clearly states "this is not a procedural due process case."    (*Id.*)

[4] *See* N.J. Stat. § 30:4-123.45, et seq.

States," the Court will deny the portion of Petitioner's claim raised under the state constitution as it fails to set forth a viable ground for habeas relief.  *Id.*

The Court turns now to Petitioner's Fourteenth Amendment equal protection claim. Petitioner raised this claim to the Appellate Division and Supreme Court of New Jersey on direct appeal.  *See Adams*, No. A-2508-15T2, 2018 WL 1660076 ; (*see* Pet. for Certification on Direct Appeal, ECF No. 7-3, at 10–20.)   As the Supreme Court of New Jersey summarily denied Petitioner's petition for certification on direct appeal, *see Adams,* 197 A.3d at 660, the Appellate Division's decision constitutes the "last reasoned" decision of the state courts regarding this claim. *See Simmons*, 590 F.3d at 231–32.   Accordingly, this Court applies AEDPA deference to the Appellate Division's decision.  (*See id.*)

The Appellate Division considered Petitioner's equal protection claim in light of controlling law.  *See Adams*, 2018 WL 1660076, at * 1.  The court held that "the denial of parole to Adams by application of the Act does not implicate a violation of his constitutional rights" as those sentenced under the Parole Act are entitled to parole much sooner and are not subject to mandatory parole supervision upon release, where NERA defendants must serve a greater portion of their sentence before becoming parole eligible and then are subject to mandatory supervision if released on parole, leaving prisoners sentenced under the two acts not similarly situated to one another.  (*See id.*)

Petitioner fails to demonstrate that the Appellate Division's decision was contrary to, or an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1).  First, Petitioner fails to identify any clearly established federal law which provides that a prisoner who is denied parole by application of a statute that was in effect at the time of his sentencing, is violative of the Equal Protection Clause.  (*See* Habeas Pet., at 3, 6–9; Pet'r's Reply, 7–14.)

The Supreme Court has recognized that "the 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time." *Sperry v. Hutchinson Co. v. Rhodes*, 220 U.S. 502, 505 (1911); *see also Califano v. Webster*, 430 U.S. 313, 321 (1977); *Sonnier v. Quarterman*, 476 F.3d 349, 369 (5th Cir. 2007). A legislature "may replace one constitutional [statute] with another and make the new [statute] prospective only" without violating the Equal Protection Clause. *Califano*, 430 U.S. at 321. The Parole Act became effective on April 21, 1980. *See* N.J. Stat. § 30:4-123.45, *et seq*. NERA came into effect on June 9, 1997. *See* N.J. Stat. § 2C:43-7.2. Because Petitioner was sentenced on April 26, 1985, after a jury convicted him of murder and other offenses, he is subject to the Parole Act. (*See* 1985 J. of Conviction, at 69.) The Appellate Division applied the standard established by the Supreme Court in determining that there was no violation of Petitioners' constitutional rights. *See Sperry*, 220 U.S. at 505. The appellate court reasoned that inmates sentenced under the Parole Act "may be guaranteed parole release well before the expiration of their maximum sentence," whereas "NERA inmates are not eligible for parole release before the expiration of a minimum of eighty-five percent time served of their maximum sentence". *See Adams*, 2018 WL 1660076, at * 1. Accordingly, the Appellate Division's determination was not contrary to, nor an unreasonable application of, clearly established federal law. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Secondly, the Appellate Division's determination was consistent with federal law. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Persons are similarly situated when they are alike "in all relevant aspects."

*Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).  The Supreme Court has recognized that "[t]he Equal Protection Clause was not designed to compel uniformity in the face of difference."  *See Whitney v. State Tax Comm'n of New York*, 309 U.S. 530, 542 (1940) (citing *Madden, Jr. v. Kentucky*, 309 U.S. 83 (1940)).

Here, the Appellate Division implied that Petitioner was not "similarly situated" to NERA inmates because he was sentenced under the Parole Act, which was the statute in effect at the time. *See Adams*, 2018 WL 1660076, at * 1.  The Appellate Division noted that inmates sentenced under NERA "are not guaranteed parole release at the expiration of their mandatory eighty–five percent time–served sentences."  *Id.*  If Petitioner was serving a life sentence under NERA, he would not be eligible for parole until he served eighty–five percent of seventy–five years.  *Id.*  Whereas inmates sentenced under the Parole Act may be granted parole release well before the expiration of their maximum sentence.  *Id.*

In his reply, Petitioner readily admits that, were he subject to NERA, he would not be eligible for parole until he had served at least sixty-three years of his sentence, and thus would not even have been eligible for the parole hearing he seeks to challenge in this matter for several decades were he sentenced under the statute.  What Petitioner raises as an equal protection claim is, in fact, an attempt to have it both ways – Petitioner wants to retain his parole eligibility after just over twenty-nine years of his sentence that he receives under the older parole statute, but with the added benefit of the more favorable terms of review contained in NERA which would otherwise have denied him that eligibility for more than a further thirty years.  Petitioner's own argument thus shows that he is not similarly situated to those sentenced under NERA to whom he compares himself – he is subject to an entirely different statutory scheme which is both more and less favorable in various respects.  Petitioner cannot have it both ways, and the fact that the

statutory scheme applicable to him because of the date of his conviction is different from that which would have controlled had he waited until after 1997 to commit his crimes is not a violation of the Equal Protection Clause as he is not similarly situated to those whose convictions occurred after the passage of NERA. *See, e.g., Perry v. Pa. Dep't of Corr.*, 441 F. App'x 833, 838 (3d Cir. 2011) (equal protection claim not based on suspect class requires showing that petitioner was treated differently from other similarly situated individuals). As the Appellate Division's decision was neither contrary to nor an unreasonable application of federal law, Petitioner's habeas petition is without merit and must be denied.

## III.    <u>CERTIFICATE OF APPEALABILITY</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

For the reasons discussed above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability. 28 U.S.C. § 2254(b)(1)(A).

**IV.** <u>**CONCLUSION**</u>

For the reasons stated above, the Court will deny the Petition and will not issue a certificate of appealability.  An appropriate order follows.

Date: November 26, 2024

_s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**